# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,                                                Cr. No. 18-2665 JAP

v.

DAVID JOHNSON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On January 17, 2020, the Court held a hearing on five pending motions filed by the United States. *See* MOTION FOR A LAFLER/FRYE HEARING (Doc. 63); MOTION IN LIMINE TO INTRODUCE EVIDENCE OF DEFENDANT'S PRIOR FELONY CONVICTIONS UNDER FEDERAL RULE OF EVIDENCE 609 (Doc. 64); MOTION IN LIMINE TO EXCLUDE POSSIBLE-PENALTIES EVIDENCE (Doc. 65); OMNIBUS MOTION IN LIMINE (Doc. 66); MOTION TO ADMIT EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B) AS RES GESTAE EVIDENCE (Doc. 67). Defendant responded to four of those motions. *See* REPLY TO UNITED STATES' OMNIBUS MOTION IN LIMINE (Doc. 83); RESPONSE TO UNITED STATES' MOTION TO ADMIT EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B) AND AS RES GESTAE EVIDENCE (Doc. 86); RESPONSE TO UNITED STATES' MOTION IN LIMINE TO EXCLUDE POSSIBLE-PENALTIES EVIDENCE (Doc. 87); RESPONSE TO UNITED STATES' MOTION IN LIMINE TO INTRODUCE EVIDENCE OF DEFENDANT'S PRIOR FELONY CONVICTIONS UNDER FEDERAL RULE OF EVIDENCE 609 (Doc. 88).

BACKGROUND

On September 24, 2019, a federal grand jury returned a Superseding Indictment charging Defendant David Johnson with one count of violating 18 U.S.C. §§ 922(g)(1) and 924. *See* REDACTED SUPERSEDING INDICTMENT (Doc. 74). The United States alleges that Defendant, knowing that he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting commerce, a firearm and ammunition. *Id.*

DISCUSSION

I. United States' Motion for a Lafler/Frye Hearing (Doc. 63)

The United States asks the Court to inquire prior to trial whether defense counsel communicated its plea offers to Defendant under *Missouri v. Frye*, 566 U.S. 134 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012). *See* Doc. 63 at 1. Under *Frye*, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 566 U.S. at 145.

The United States notified Defendant, through counsel, of a proposed plea offer on August 8, 2019, which included a deadline of August 23, 2019, for acceptance. Doc. 63 at 1. Defendant rejected the United States' plea offer. *Id.* The United States wishes to make a record to preclude a future ineffective assistance of counsel claim under 28 U.S.C. § 2255 by ensuring that defense counsel effectively conveyed the United States' plea offer to Defendant. *Id.*

At the January 17, 2020, hearing, Defendant informed the Court that he did not object to this motion. Tr. at 3:4–5; 5:1–5.[1] Accordingly, the Court granted the motion. Defendant, under

---

[1] This MEMORANDUM OPINION AND ORDER cites to the court reporter's unofficial transcript from the January 17, 2020, hearing. All page and line citations are subject to change on the official, edited transcript.

oath, responded to questions by the Court. *Id.* at 5:6–9. The Court inquired whether Defendant's former counsel, Mr. Assed, explained the plea offer and whether Defendant understood the offer. Defendant indicated that he had. *See* CLERK'S MINUTES, filed January 17, 2020 (Doc. 109). He did not accept the plea offer and informed Mr. Assed that he did not accept the plea offer. Tr. at 6:5–9. The Court asked if he had a full opportunity to discuss the plea opportunity with his former lawyer. *Id.* at 6:5–9. Defendant answered that he did not. *Id.* at 6:21. Defendant then clarified that he told his attorney he did not wish to accept the plea offer and his attorney "just left it at that." *Id.* at 6:23–25, 7:1.[2] The Court did not inquire into the substance of attorney-client discussions.

    II.    United States' Motion in Limine to Introduce Evidence of Defendant's Prior Felony Convictions Under Federal Rule of Evidence 609 (Doc. 64)

The United States seeks a pretrial ruling on the admissibility of evidence it may introduce at trial, should Defendant choose to testify on his own behalf. If Defendant testifies, the United States will seek to introduce evidence of his prior convictions to impeach his credibility, under Federal Rule of Evidence ("Rule") 609. *See* Doc. 64 at 1.

Defendant has two prior convictions for drug offenses—one that is less than ten years old, and one that is more than ten years old. As the United States informs the Court,

> [o]n June 2, 2003, Defendant was convicted in the Second Judicial District Court of New Mexico for Trafficking a Controlled Substance by Distribution. Defendant was sentenced to three years of supervised probation. On September 5, 2003, Defendant's probation was revoked, but reinstated. On January 20, 2005, Defendant's probation was revoked and he was sentenced to nine years custody, with three years suspended and credit for time on probation. On April 5, 2005, Defendant's sentence was amended so that 1,512 days was suspended, and actual time to serve was 3 years custody and two years of parole.
>
> [And] [o]n May 17, 2010, Defendant was convicted in the Second Judicial District Court of New Mexico for Conspiracy to Traffic a Controlled Substance by Distribution. Defendant was sentenced to three years custody, suspended, with

---

[2] Following this exchange, the Court asked the United States if there was anything else it wished the Court would inquire about. The United States responded no. Tr. at 7:2–3.

3

three years unsupervised probation.

Doc. 64 at 2–3.

Rule 609(a)(1) provides that evidence of a criminal defendant's prior felony convictions may be admitted for the purpose of attacking that defendant's credibility as a witness if the court finds the probative value of the convictions outweighs their prejudicial effect. Fed. R. Evid. 609. Rule 609(b) excludes evidence of a prior conviction that is more than ten years old, unless the defendant served a term of confinement and was released within the ten-year period or unless the court determines that the probative value of the old conviction substantially outweighs its prejudicial effect. *Id.* Thus, the central question surrounding both of Defendant's prior felonies is whether the probative value of admitting the evidence of Defendant's prior felony convictions outweighs its prejudicial effect. *See id.*

The Court will allow the United States to impeach Defendant with evidence of his prior felony convictions under Rule 609 if he chooses to testify. The United States submits that if Defendant testifies, the probative value of both convictions will substantially outweigh any prejudicial effect "because the jury will not be able to fully evaluate Defendant's credibility as a witness unless the jury is told the full story of his prior propensity for disregarding the law." Doc. 64 at 3. Both of Defendant's prior convictions relate to distributing a controlled substance. The United States argues that those convictions are especially relevant here, where the initial investigation related to distribution of narcotics by Defendant. *Id.*

Defendant acknowledges that, if he chooses to testify, his credibility will be an important issue in the case, but argues that nonetheless, his prior convictions provide minimal impeachment value. *See* Doc. 88 at 3. He asserts that neither of his prior felony convictions required proof of a dishonest act or false statement, that the United States is seeking to offer this evidence as

4

impermissible character evidence, and that the probative value of his prior felony convictions does not substantially outweigh the prejudicial effect. *Id.* at 3–4.

First, Rule 609 does not demand that prior felony convictions require proof of a false or dishonest statement to be introduced for impeachment purposes. *See* Fed. R. Evid. 609. Thus, that argument is unpersuasive.

Next, Rule 404(b) prohibits the introduction of a person's character or character trait "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404. The United States admits, however, that it intends to introduce evidence of Defendant's prior felonies to show "the full story of his prior propensity for disregarding the law." Doc. 64 at 3. The Court cautions the United States to not attempt to introduce impermissible character evidence at trial. Rule 609 expressly states that prior felony convictions may be introduced for the purpose of "attacking a witness's character for *truthfulness*." Fed. R. Evid. 609 (emphasis added). The Court will enforce the limited scope of Rule 609.

The Court finds that the probative value of the evidence substantially outweighs the danger of unfair prejudice to Defendant. Indeed, "[t]he implicit assumption of Rule 609 is that prior felony convictions have probative value. Their probative value, however, necessarily varies with their nature and number." *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (quoting *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998)). Defendant's prior felonies are probative of the circumstances under which this case arose—that is, Defendant's prior felony convictions provide the necessary context for his arrest. Of course, the greater the similarity between the prior convictions and the charged crime, the more likely that the convictions could be "misused by a jury as propensity evidence." *See Smalls*, 752 F.3d at 1240. That is not the case here. Defendant's prior felony convictions are sufficiently different from the charged conduct that a jury is unlikely

to confuse Defendant's past conduct with his current charge. Further, a limiting instruction can cure any potential misuse of this evidence by a jury. Thus, if Defendant testifies, the Court will allow the United States to impeach Defendant with evidence of his two felony convictions.

Furthermore, at the January 17, 2020, hearing, Defendant informed the Court that he does not contest the United States' ability impeach him with his prior convictions, should he choose to testify. Tr. at 19:10–13. He requested only that the Court exclude the names of his convictions. *Id.* at 19:13–16. The Court then inquired into what the United States intended to ask Defendant if it were to impeach him. *Id.* at 19:25, 20:1–3. The United States agreed that it would simply ask Defendant if he had been convicted of a felony on a particular date, without mentioning the name of the felony. *Id.* at 20:4–22. The United States also agreed that it would only go into the details of the prior felony convictions, including the nature of the offenses, if Defendant contested those convictions. *Id.* at 20:22–25. The Court finds that this concession by the parties is proper. *See Smalls*, 752 F.3d at 1240 ("The well-settled rule in this circuit is that the permissible scope of cross-examination under Rule 609 extends to the essential facts of convictions, the nature of the crimes, and the punishment."). The Court will allow the United States to impeach Defendant, if he chooses to testify, per the parties' agreement.

III. United States' Motion in Limine to Exclude Possible Penalties Evidence (Doc. 65)

The United States seeks to exclude evidence or argument that Defendant, if convicted, faces a statutory maximum sentence of ten years. *See* Doc. 65 at 1; 18 U.S.C. § 924(a)(2). Defendant does not oppose the United States' motion. *See* Doc. 87 at 1. The Court will therefore grant the United States' motion to exclude evidence of sentencing or punishment at trial. *See* Tenth Circuit Criminal Pattern Jury Instruction 1.20 ("If you find the defendant guilty, it will be my duty

to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.").

    IV.    United States' Omnibus Motion in Limine (Doc. 66)

The United States requests an order excluding the following categories of evidence at trial: (1) allegations of Government misconduct; (2) the contents of rulings or pretrial motions filed by the parties; (3) plea negotiations; (4) offers to stipulate; (5) information known only to Defendant which could only be admitted through his sworn testimony; and (6) defense exhibits that have not been previously disclosed to Government counsel. Doc. 66 at 1–4. In response, Defendant concurs with the United States' request to preclude evidence of pre-trial rulings, plea negotiations, offers to stipulate, and defense exhibits not previously disclosed to the United States. Doc. 83 at 2–3. Defendant opposes the exclusion of the other categories of evidence. *Id.* at 1, 3.

With respect to allegations of government misconduct, the United States contends that Defendant has made previous unsupported allegations of government misconduct. Doc. 66 at 1. Indeed, the Court dealt with former allegations of government misconduct in Defendant's MOTION TO SUPPRESS THE SEARCH WARRANT AND REQUEST FOR AN EVIDENTIARY HEARING (Doc. 60). *See* MEMORANDUM OPINION AND ORDER (Doc. 85). Nevertheless, Defendant requests that the Court deny the United States' motion until such time as Defendant becomes aware of specific instances of governmental misconduct, if any. *Id.* at 1. If the defense becomes aware of any instances of governmental misconduct, Defendant requests the opportunity to show its relevance. *Id.* At this time, the Court will deny as unripe the request to exclude evidence of governmental misconduct. Should Defendant intend to present such evidence, Defendant should bring it to the Court's attention prior to introducing it at trial.

With respect to information known only to Defendant, Defendant asserts he should be permitted to cross-examine the government's witnesses, that information can have sources through defense investigation, and that he intends to follow the rules of evidence at trial. The Court will deny as unripe the request to categorically exclude information known only to Defendant. The Court can take up objections to specific questions or evidence at trial.

> V. United States' Motion to Admit Evidence Pursuant to Federal Rule of Evidence 404(b) as Res Gestae Evidence (Doc. 67)

Finally, the United States moves for a pretrial ruling on the admissibility of certain items under Rule 404(b) as res gestae evidence. More specifically, the United States seeks to offer evidence that law enforcement located narcotics, digital scales, plastic bags, and glass pipes inside Defendant's residence during execution of the state search warrant. Doc. 67.

At the January 17, 2020, hearing, the Court brought the parties' attention to *United States v. Morgan*, 296 F. App'x. 709 (10th Cir. 2008), which addressed the admissibility under Rule 404(b) of a set of digital scales, where the defendant was charged with being a felon in possession of a firearm and ammunition. The Court also noted that it would reserve ruling on this motion until it has a better understanding of Defendant's position with respect to *Morgan*. Tr. at 231:23–25. The Court instructs Defendant to be prepared to argue on this motion at the pretrial conference.

## CONCLUSION

IT IS THEREFORE ORDERED THAT

1. The United States' MOTION FOR A LAFLER/FRYE HEARING (Doc. 63) is GRANTED.

2. The United States' MOTION IN LIMINE TO INTRODUCE EVIDENCE OF DEFENDANT'S PRIOR FELONY CONVICTIONS UNDER FEDERAL RULE OF EVIDENCE 609 (Doc. 69) is GRANTED.

3. The United States' MOTION IN LIMINE TO EXCLUDE POSSIBLE-PENALTIES EVIDENCE (Doc. 65) is GRANTED.

4. The United States' OMNIBUS MOTION IN LIMINE (Doc. 66) is GRANTED IN PART AND DENIED IN PART as follows:

    a. The Court GRANTS the request to exclude evidence of pre-trial rulings, plea negotiations, and exhibits that have not been previously disclosed to the opposing party.

    b. The Court DENIES as unripe the request to exclude generally the other categories of evidence. The parties can raise objections to specific evidence that fall within these categories at trial.

5. The Court RESERVES RULING on the United States' MOTION TO ADMIT EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B) AS RES GESTAE EVIDENCE (Doc. 67).

_____
SENIOR UNITED STATES DISTRICT JUDGE